# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

DAVID B. EDMINSTER, )
 )
    Plaintiff, )
 )
v. ) Case No. 16-3176-CM
 )
SHERIFF DEDEKE, MELISSA )
WARDROP, MAJOR DEDEKE, )
LT. LORENZO, LT. O'BRIEN, )
ADVANCED CORRECTIONAL )
HEALTHCARE, SGT. PATTERSON, )
SGT. SIBOLD, SGT. MASONER, )
 )
    Defendants. )

## ORDER

This matter comes before the court upon plaintiff's Motion to Appoint Counsel (ECF No. 35). The court previously granted plaintiff David B. Edminster, appearing *pro se*, leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.[1] Mr. Edminster, a former inmate at the Leavenworth County Jail, claims defendants violated his civil rights concerning his medical treatment while he was incarcerated.[2]

I.

In his motion, Mr. Edminster contends (1) he is unable to afford counsel; (2) he has limited knowledge of the law and the issues in this case are complex; (3) an attorney would be better able to present the case at trial; and (4) he has made repeated efforts to personally obtain counsel.[3]

---

[1] Order, ECF No. 4.

[2] Second Am. Compl., ECF No. 18.

[3] Mot. for Appointment of Counsel, ECF No. 35.

II.

Section 1915(e)(1) provides that the "court may request an attorney to represent any person unable to afford counsel."[4] In addition to considering the movant's financial need, if the court determines the movant has a colorable claim, it "should consider the nature of the factual issues raised in the claim and the ability of the plaintiff to investigate the crucial facts."[5] The Tenth Circuit has adopted several factors for determining whether appointment of counsel is appropriate, including: "the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims."[6] The movant bears the burden of convincing the court that his claims are sufficiently meritorious to warrant appointing counsel.[7] Whether to appoint counsel is left to the trial court's sound discretion.[8]

III.

The factual issues presented in Mr. Edminster's amended complaint are not complex. They involve his medical treatment while he was incarcerated, and as such, the court would expect Mr. Edminster to be familiar with those circumstances. However, the complexity of the issues raised by the claims is significant. Even so, Mr. Edminster has not demonstrated that he lacks the ability to present his claims. Based upon a review of the documents he has filed, the court finds plaintiff capable of preparing and presenting this case without the aid of counsel. His

---

[4] 28 U.S.C. § 1915(e)(1).

[5] *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (citing *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985) (citing *Maclin v. Freake*, 650 F.2d 885, 887 (7th Cir. 1981)).

[6] *Id.*

[7] *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).

[8] *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991).

motion states he lacks any legal education or experience. This is true of the majority of *pro se* litigants appearing in this court. Although an attorney might present plaintiff's case more effectively, this fact alone does not warrant appointment of counsel.[9] Mr. Edminster has not identified any unique circumstances that would hamper his ability to prosecute his claims.

Accordingly,

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Appointment of Counsel (ECF No. 35) is denied.

**IT IS SO ORDERED.**

Dated this 12th day of October, 2017, at Topeka, Kansas.

<u>s/ K. Gary Sebelius</u>
K. Gary Sebelius
U.S. Magistrate Judge

---

[9] *Caruthers v. Wichita Sch. Dist., USD 259*, No. 10-2511-WEB-KGG, 2010 WL 4102360, at *6 (D. Kan. Oct. 18, 2010).