IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DAVID BENTLY EDMINSTER,**

    **Plaintiff,**

    **v.**                                           Case No. 16-3176-CM

**SHERIFF DEDEKE, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Pro se plaintiff David Bently Edminster filed suit against Leavenworth County defendants Sheriff Dedeke, Lt. Lorenzo, Lt. O'Brien, Sgt. Sibold, Sgt. Masoner, Sgt. Patterson, and Major Dedeke, and defendants Advanced Correctional Healthcare, Melissa Wardrop, and "Doctor Bob," alleging violations of his Eighth and Fourteenth Amendment rights for deliberate indifference and retaliation while he was incarcerated in the Leavenworth County Jail.  The matter is now before the court on the Leavenworth County defendants' Motion for Summary Judgment (Doc. 39).  Plaintiff moved for and was granted an extension of time to file a response to the county defendants' motion. (Doc. 47). He was directed to file a response no later than November 9, 2017.  Despite the extension of time, defendant has not responded.  The court will therefore consider defendants' motion as uncontested pursuant to D. Kan. Rule 7.4(b).

The court, however, cannot grant defendants' motion solely based on plaintiff's failure to respond.  *See Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a claim upon which relief can be granted.").  The court, therefore, will review defendants' motion while

liberally interpreting the allegations in plaintiff's pro se complaint. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## I.   Background

Plaintiff served a one-year commitment at the Leavenworth County jail starting March 2, 2016. On March 4, 2016 plaintiff began complaining of medical issues, specifically back pain, and requested medication. Plaintiff was prescribed medication but eventually his treatment was discontinued because he declined to take the pills. On March 19, 2016, defendant Wardrop, a nurse manager with the Leavenworth County Jail, examined plaintiff's teeth and noted they were "bad, very bad." (Doc. 40-2, at 1.) Plaintiff was prescribed medication and a peroxide rinse to help alleviate his dental issues and eliminate infection. Plaintiff, however, refused the peroxide rinse and it was eventually discontinued.

On May 24, 2016, plaintiff requested to see the dentist during the next monthly visit, but was unable to make the scheduled appointment due to having surgery for a broken jaw. Plaintiff's jaw surgery took place at the University of Kansas Hospital on June 24, 2016. Doctors instructed him to follow a soft diet for at least six weeks following surgery and to use a post-surgical rinse to care for the incisions in his mouth. On July 4, 2016, plaintiff began refusing his post-surgical rinses. He was moved from a "soft diet" to a more restrictive "dental diet" to prevent post-surgical complications; however, he continued to buy hard butterscotch candy from the commissary. On July 23, 2016, plaintiff was prescribed 30 days of peroxide rinses to control his oral infection; however, he repeatedly refused the prescribed rinses. He instead requested another dentist visit and complained about the dental diet. Defendant Wardrop advised him they had to continue the dental diet because plaintiff continued to eat hard candy and was not compliant with his rinses.

Plaintiff continued to see the dentist, who continued to prescribe antibiotics and rinses to combat the ongoing infection in his mouth. The dentist eventually recommended removal of plaintiff's

teeth. On November 29, 2016 two of plaintiff's teeth were removed, yet he continued to refuse peroxide rinses and other follow-up medications.

On August 18, 2016, plaintiff filed the present case in this court. In his second amended complaint, plaintiff alleges defendants violated his Eighth and Fourteenth Amendment rights because he was denied medical and dental care and he accuses defendants of retaliation for denying dental visits, denying him sweets at meals and access to sweets at the commissary, and for "stone-wall[ing]" his attempts to use the grievance process to address his issues. On April 18, 2017, United States Senior District Court Judge Sam A. Crow dismissed plaintiff's claims for injunctive relief and claims against defendants in their official capacities. Only the claims for damages against defendants in their individual capacities remain.

## II.    Legal Standards

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that it is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A "genuine" factual dispute requires more than a mere scintilla of evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). The party seeking summary judgment bears the initial burden of showing the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party demonstrates an absence of evidence in support of an element of the case, the burden then shifts to the nonmoving party, who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248. The nonmoving party "may not rest upon the mere allegations or denials of his pleading." *Id.*

In making the summary judgment determination, the court must view the evidence and reasonable inferences in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986)).  Ultimately, the court evaluates "whether the evidence presents a sufficient disagreement to require submission to the jury or whether it is so one-sided that one party must prevail as a matter of law."  *Liberty Lobby*, 477 U.S. at 252.

### III.     Analysis

Defendants move for summary judgment arguing the uncontroverted facts establish that defendants did not violate plaintiff's constitutional rights while he was incarcerated.

Plaintiff first claims his Eighth and Fourteenth Amendment rights were violated as a result of "deliberate indifference" and "cruel and unusual punishment," arguing generally that he was denied adequate dental and medical care.

The government has an obligation to "provide medical care for those who it is punishing by incarceration."  *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).  Prison officials' failure to provide proper medical care only violates the Eighth Amendment if a plaintiff can prove a "deliberate indifference to serious medical needs."  *Id.* at 106 ("It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.'").  To prove deliberate indifference, a plaintiff must meet both subjective and objective components.  *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The subjective component is met if "a prison official 'knows of and disregards an excessive risk to inmate health or safety.'"  *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  The objective component requires a deprivation that is "sufficiently serious."  *Id.*

Mere negligence in treatment is not sufficient to state a medical mistreatment claim under the Eighth Amendment.  *Gamble*, 429 U.S. at 103.  And a disagreement with the care offered does not establish the denial of constitutionally adequate medical care.  *See White v. Goff*, No. 07-3311-SAC, 2011 WL 624059, at *6 (D. Kan. Feb 11, 2011).

Based on the allegations in his second amended complaint, plaintiff seems to claim his rights were violated because he was not given proper dental care when he had a severe tooth infection and that he was denied various medications including over-the-counter pain pills. The evidence provided by defendants, however, shows that plaintiff was repeatedly treated for his tooth infection. He was prescribed various treatments and, eventually, had some of his infected teeth removed. Plaintiff was not compliant in his prescribed treatments, which defendants argue led to his ongoing infection and discomfort. He was also only denied access to pain medication when he had reached the maximum allowed dosage. The court finds that plaintiff has failed to provide any evidence that defendants were deliberately indifferent toward his medical needs and grants defendants' motion for summary judgment.

Plaintiff also claims defendants retaliated against him by denying him sweets in his daily meals and refusing to sell him sweets at the commissary. He argues that he attempted to use the grievance process but was "stone-walled" by defendants. It is true that prisoners have a First Amendment right to be free from retaliation for filing grievances. *See Leek v. Miller*, 698 F. App'x 922, 925 (10th Cir. 2017). To prove retaliation in violation of the First Amendment, a plaintiff must show:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Id.* (citing *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

Here, plaintiff has failed to prove defendants violated his First Amendment rights. Defendants have shown that plaintiff was denied sweets in his meals and at the commissary not in retaliation for filing grievances, but because of his ongoing oral infection. And there is no evidence plaintiff was

denied medical care because of his use of the grievance procedures. As noted above, plaintiff was provided medical and dental care on a routine and ongoing basis.

For these reasons, the court finds that plaintiff has failed to show he is entitled to relief on his claims and that judgment should be entered for defendants.

**IT IS THEREFORE ORDERED** that defendants' Motion for Summary Judgment (Doc. 39) is granted.

Dated January 26, 2018, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**