**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**DAVID BENTLY EDMINSTER,**

    **Plaintiff,**

    v.

**SHERIFF DEDEKE, et al.,**

    **Defendants.**

Case No. 16-3176-CM

## MEMORANDUM AND ORDER

Pro se plaintiff David Bently Edminster filed suit against Leavenworth County defendants Sheriff Dedeke, Lt. Lorenzo, Lt. O'Brien, Sgt. Sibold, Sgt. Masoner, Sgt. Patterson, and Major Dedeke; and defendants Advanced Correctional Healthcare, Melissa Wardrop, and "Doctor Bob," alleging violations of his Eighth and Fourteenth Amendment rights for deliberate indifference and retaliation while he was incarcerated in the Leavenworth County jail. The matter is now before the court on defendants Advanced Correctional Healthcare and Melissa Wardrop's Motion for Judgment on the Pleadings (Doc. 41). Plaintiff failed to timely respond to defendants' motion and did not respond to the Order to Show Cause (Doc. 49) issued by this court on January 23, 2018, in which plaintiff was given until February 2, 2018 to respond to defendants' motion. Because plaintiff failed to comply with the court's order, the court will consider defendants' motion as uncontested pursuant to D. Kan. Rule 7.4(b).

The court, however, cannot grant defendants' motion solely based on plaintiff's failure to respond. *See Issa v. Comp USA*, 354 F.3d 1174, 1177–78 (10th Cir. 2003) ("[E]ven if a plaintiff does not file a response to a motion to dismiss for failure to state a claim, the district court must still examine the allegations in the plaintiff's complaint and determine whether the plaintiff has stated a

claim upon which relief can be granted."). The court, therefore, will review defendants' motion while liberally interpreting the allegations in plaintiff's pro se complaint. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).

## I.     Background

The following facts are summarized from plaintiff's second amended complaint. Plaintiff began serving a one-year commitment at the Leavenworth County jail on March 2, 2016. Upon arrival, plaintiff was housed in "med holding" so that jail staff could assess his many medical issues including rheumatoid arthritis, degenerative disc disease, scoliosis, sciatica, and dental issues. Defendant Wardrop, a nurse working for defendant Advanced Correctional Healthcare, told plaintiff he would not be given painkillers unless he had chronic "life threatening" pain, otherwise he could purchase painkillers from the commissary. Defendant Wardrop eventually prescribed plaintiff an anti-depressant and antibiotics for his teeth. Plaintiff was "denied dental call out" in April 2016 and his tooth infection returned after he took his prescribed antibiotics. After plaintiff fell walking to the bathroom and broke his jaw, he was referred to KU Medical Center for oral surgery. He was again denied dental call out and was only given his morning antibiotics despite being prescribed both morning and evening antibiotics. After plaintiff filed a grievance, he began getting his morning and evening medications.

Plaintiff was placed on a dental diet and was restricted from purchasing any sweet items from the commissary. His access to over-the-counter pain medication was restricted. Plaintiff first saw the dentist on August 16, 2016, who he claims told him he should have his teeth removed but refused to remove them. The dentist instead placed him on another regimen of antibiotics.

Plaintiff continued to experience pain from his dental issues and filed an emergency grievance, which he claims was denied. He continued to submit grievances claiming he was denied over-the-

counter pain medication. After experiencing extreme pain for two weeks, plaintiff finally saw the dentist, who prescribed him an antibiotic and said he would remove his teeth. Plaintiff asked to have his antibiotics changed as he felt they were not helping his infection, which he claims was denied by defendant Wardrop. On November 29, 2016, defendant "Dr. Bob" arrived and stated he would not extract plaintiff's teeth because of the infection in his mouth.

On August 18, 2016, plaintiff filed the present case in this court. In his second amended complaint, filed March 29, 2017, plaintiff alleges defendants violated his Eighth and Fourteenth Amendment rights because he was denied medical and dental care and he accuses defendants of retaliation by denying dental visits, denying him sweets at meals and access to sweets at the commissary, and for "stone-wall[ing]" his attempts to use the grievance process to address his issues. On April 18, 2017, United States Senior District Court Judge Sam A. Crow dismissed plaintiff's claims for injunctive relief and claims against defendants in their official capacities. On January 26, 2018, this court granted the county defendants' Motion for Summary Judgment (Doc. 50).

## II.     Legal Standards

The court reviews a Rule 12(c) motion for judgment on the pleadings under the same standards as a Rule 12(b)(6) motion to dismiss. *Mock v. T.G. & Y. Stores Co.*, 971 F.2d 522, 528 (10th Cir. 1992) (citation omitted). To withstand a motion to dismiss under 12(b)(6), a complaint must contain "enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Khalik v. United Air Lines*, 671 F.3d 1188, 1190 (10th Cir. 2012) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)). A claim is plausible when "the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). When the complaint contains well-pled factual

allegations, a court should "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

### III. Analysis

Defendants move for judgment on the pleadings, arguing plaintiff has failed to allege any facts that give rise to relief.

Plaintiff first claims his Eighth and Fourteenth Amendment rights were violated as a result of "deliberate indifference" and "cruel and unusual punishment," arguing generally that he was denied adequate dental and medical care.

The government has an obligation to "provide medical care for those who it is punishing by incarceration." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). Prison officials' failure to provide proper medical care only violates the Eighth Amendment if a plaintiff can prove a "deliberate indifference to serious medical needs." *Id.* at 106 ("It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment.'"). To prove deliberate indifference, a plaintiff must meet both subjective and objective components. *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). The subjective component is met if "a prison official 'knows of and disregards an excessive risk to inmate health or safety.'" *Id.* (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). The objective component requires a deprivation that is "sufficiently serious." *Id.*

Mere negligence in treatment is not sufficient to state a medical mistreatment claim under the Eighth Amendment. *Gamble*, 429 U.S. at 103. And a disagreement with the care offered does not establish the denial of constitutionally adequate medical care. *See White v. Goff*, No. 07-3311-SAC, 2011 WL 624059, at *6 (D. Kan. Feb. 11, 2011).

Based on the allegations in his second amended complaint, plaintiff seems to claim his rights were violated because he was not given proper dental care when he had a severe tooth infection and

-4-

that he was denied various medications including over-the-counter pain pills.  But in his second amended complaint, plaintiff also admits he was given prescription medications, he was placed on antibiotics for an infection in his mouth, was taken to KU Medical Center for oral surgery, and was seen by a dentist multiple times.  In a response to one of his grievances—which plaintiff attached to his second amended complaint—jail staff informed plaintiff that, after reviewing his file, it was discovered he had a pattern of noncompliance with his medications, that he was only denied over-the-counter pain medications when he had purchased the maximum dosage allowed, and that he was placed on the dental diet due to deteriorating oral health.  In responding to plaintiff's grievance appeal, Defendant Sheriff Dedeke noted that plaintiff had made several requests for dental treatment and was educated regarding proper dental hygiene, but that plaintiff had elected not to participate in intervention techniques designed to improve the dental issues he was experiencing.

The court finds plaintiff has not pled sufficient facts to show defendants were deliberately indifferent to his medical needs.  Instead, the facts pled in the second amended complaint show that medical staff at the jail attempted to address his dental issues.  Even if these attempts were unsuccessful, or if plaintiff disagreed with the course of treatment, plaintiff has not shown his medical care, or lack thereof, rises to the level of deliberate indifference.

Plaintiff also claims defendants retaliated against him by denying him sweets in his daily meals and refusing to sell him sweets at the commissary.  He argues that he attempted to use the grievance process but was "stone-walled" by defendants.  It is true that prisoners have a First Amendment right to be free from retaliation for filing grievances.  *See Leek v. Miller*, 698 F. App'x 922, 925 (10th Cir. 2017).  To prove retaliation in violation of the First Amendment, a plaintiff must show:

> (1) that the plaintiff was engaged in constitutionally protected activity; (2) that the defendant's actions caused the plaintiff to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; and (3) that the

>defendant's adverse action was substantially motivated as a response to the plaintiff's exercise of constitutionally protected conduct.

*Id.* (citing *Shero v. City of Grove*, 510 F.3d 1196, 1203 (10th Cir. 2007).

Here, there are no facts in the second amended complaint that would support the allegation that plaintiff was denied medical care because of his use of the grievance procedures. As noted above, plaintiff was provided medical and dental care on a routine and ongoing basis. For these reasons the court grants defendants' motion for judgment on the pleadings.

Plaintiff was also ordered to show cause as to why defendant "Doctor Bob" should not be dismissed from the action as he was never served. Because plaintiff has not responded, the court finds defendant Doctor Bob should be dismissed.

**IT IS THEREFORE ORDERED** that defendants Advanced Correctional Healthcare and Melissa Wardrop's Motion for Judgment on the Pleadings (Doc. 41) is granted.

**IT IS FURTHER ORDERED** that defendant "Doctor Bob" is dismissed from the action.

This case is closed.

Dated April 18, 2018, at Kansas City, Kansas.

>s/ Carlos Murguia
>**CARLOS MURGUIA**
>**United States District Judge**